# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1942MN

_____

United States of America,            *
                                         *

         Appellee,            *   On Appeal from the United
                                         *   States District Court
      v.                      *   for the District of
                                         *   Minnesota.

Miguel Hernandez-Avalon, also known   *
as Rolando Torres, also known as      *   [Not to be Published]
Edwardo Rivera,                   *
                                         *

         Appellant.          *

_____

Submitted:  September 1, 1999

Filed:  September 15, 1999

_____

Before McMILLIAN, BRIGHT, and RICHARD S. ARNOLD, Circuit Judges.

_____

PER CURIAM.

Miguel Hernandez-Avalon challenges the sentence imposed by the District Court[1] after he pleaded guilty to illegal re-entry into the United States after deportation, in violation of 8 U.S.C. § 1326(b)(2).  Counsel has filed a brief and moved to withdraw pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967).  Although we granted Hernandez-Avalon permission to file a pro se supplemental brief, he has not done so.

---

[1]The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota.

Counsel argues that the District Court erred by failing to grant a downward departure under U.S. Sentencing Guidelines Manual § 2L1.2 comment. (n.5) (1997). In denying the requested departure, the Court noted that Hernandez-Avalon's case involved "multiple re-entries, as well as a substantial criminal history score," and "fit within the heartland" of cases taken into account by the Sentencing Commission. See United States v. Diaz-Diaz, 135 F.3d 572, 581 n.7 (8th Cir. 1998) (pattern of illegal entry into the United States and commission of criminal conduct demonstrates offense is within heartland of cases to which § 2L1.2(b) enhancement was intended to apply). The Court's discretionary decision to deny the requested departure is unreviewable. See United States v. Turechek, 138 F.3d 1226, 1228 (8th Cir. 1998) (when court considers and rejects motion for downward departure, decision is unreviewable so long as court was aware of its authority to depart downward).

After review of counsel's Anders brief, along with our independent review of the record in accordance with Penson v. Ohio, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm the judgment of the District Court, and we grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.